# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HOLLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; FAMILY HEALTHCARE NETWORK; DR. FIROOZI, DDS # 62466,<br><br>    Defendants. | CASE NO. 1:16-CV-476-LJO-SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Patrick Holley brings this action *in pro se* and *in forma pauperis* against defendants Hamed Firoozi, DDS, Family Healthcare Network, and the United States of America for actions related to a teeth cleaning on September 2, 2015. Plaintiff alleges federal jurisdiction based on federal question under 28 USC § 1331 and diversity of citizenship under 28 USC § 1332. Plaintiff's complaint will be dismissed for lack of jurisdiction with leave to amend.

I.   SCREENING STANDARD

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that […] the action or appeal […] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship between the parties opposed in interest, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). To exercise federal question jurisdiction the civil action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff alleges that he is a resident of Tulare County, California. He alleges that Hamed Firoozi, DDS is a doctor of dental surgery licensed to practice in California and employed by Family Healthcare Network in Tulare County, California. Plaintiff alleges that Family Healthcare Network is a nonprofit organization based in Tulare County, California that operates federally qualified health centers. Plaintiff alleges that the Unites States of America is Family Healthcare Network's employer and that Family Healthcare Network's employees are federal employees. Plaintiff has not sufficiently alleged diversity jurisdiction because he is a resident and citizen of California and at least one defendant, Family Healthcare Network, is also a resident and citizen of California. Therefore, complete diversity of citizenship between the parties is not present in this case.

In addition, Plaintiff brings his case against Defendants for "negligence, lack of informed consent, res ipsa loquitor, and negligence/failure to treat dental malpractice." These causes of action do not arise under the Constitution or federal law. It appears that these causes of action arise under California state law. Plaintiff has not cited any federal statute or law under which he brings this action. It is most likely that Plaintiff's relief exists in the California Superior Court.

Therefore, the Court does not have jurisdiction over this case. It will be dismissed for lack of subject matter jurisdiction. FRCP 12(b)(1). This dismissal does not reflect on the merits of Plaintiff's claims and is without prejudice to Plaintiff's ability to file this action in the proper state

court.

### III.     LEAVE TO AMEND

Plaintiff is proceeding pro se and will be given the opportunity to amend his complaint *only* in order to sufficiently allege federal subject matter jurisdiction. Plaintiff is not required to file an amended complaint, but failure to do so by the deadline will result in dismissal of this action. Plaintiff may also file a voluntary dismissal of this action and file his action in the proper state court. If Plaintiff elects to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

### IV.     ORDER

Based on the foregoing, it is hereby ORDERED that Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff may file an amended complaint curing the deficiencies identified by the Court in this order within thirty (30) days from the date of service of this order.

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is deferred until the Court determines that it has jurisdiction over this action.

IT IS SO ORDERED.

Dated:   **April 13, 2016**                              **/s/ Sandra M. Snyder**
                                                                     UNITED STATES MAGISTRATE JUDGE